JUDGE JONES

LAW OFFICES OF RAHUL WANCHOO (RW-8725)
Attorneys For Plaintiff
Empire State Building
350 Fifth Avenue, Suite 3304
New York, New York 10118
Phone: (201) 882-0303
Fax:    (201) 301-3576
E-mail: rwanchoo@wanchoolaw.com

**07 CIV 9286**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MENDOCINO LTD.

                     Plaintiff,

    - against -

PAKRI TANKERS OU

                     Defendant.

-----------------------------------------------------------X

ECF CASE

07 CV ____ (      )

**VERIFIED COMPLAINT**

Plaintiff, MENDOCINO LTD. ("Mendocino"), by its attorney, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2. At all material times, Plaintiff, Mendocino was and now is a foreign corporation organized and existing under and by virtue of the laws of the Federation of St. Kitts and Nevis, and is the charterer of the M.T. ARAL WIND (the "Vessel"), a parcel tanker of about 17,430 deadweight tons capacity engaged in the carriage of bulk chemicals and/or clean petroleum products by water.

3. Upon information and belief, at all material times, Defendant, PAKRI TANKERS OU ("Pakri"), was and now is a foreign corporation organized and existing under and by virtue of the laws of the Republic of Estonia, and was the time chartered owner of the Vessel.

## FACTS GIVING RISE TO CLAIM

4. On or about November 15, 2006, a time charterparty (the "Charter") was made between Mendocino, as charterer of the Vessel, and Pakri as time chartered owner whereby Mendocino chartered the Vessel for the carriage of chemicals and clean petroleum products for a period of 12 months with charterer's option for two further periods of 6 months each commencing from the time and date of delivery of the Vessel.

5. Specifically, Mendocino chartered the Vessel to carry regular cargoes of Palm FAME (a bio-diesel made from crude palm oil) from Indonesia to the United States. Other cargoes would then be sought for the return leg in order to reposition the Vessel as close as possible to Indonesia for the next Palm FAME cycle. Defendant was aware that this was how Mendocino intended to use the Vessel.

6. On or about June 15, 2007, consistent with the above loading cycle, Mendocino's broker requested Pakri to confirm that the Vessel was able to load a cargo of wet ethylene dichloride ("EDC") and provided Pakri with the cargo specification sheet. On the same day, Pakri confirmed to the broker that the Vessel was able to carry the proposed cargo, albeit only in

her centre tanks due its specific gravity. Pakri also confirmed that the proposed cargo was compatible with the Vessel's center tank coatings and was among the cargoes to be included in the Certificate of Fitness due to be issued by Class (DNV). This fact was once again confirmed by the head owner to the broker shortly before the Vessel was chartered to carry the wet EDC. Furthermore, on June 26, 2007 DNV issued the Certificate of Fitness which included EDC as one of the cargoes the Vessel was fit to carry (without any qualification as to water content).

7. On June 27, 2007, in reliance on the Defendant's representations that the Vessel can carry a cargo of wet EDC, Mendocino entered into a voyage charter party with Pequiven for the carriage of 6,500 metric tons of wet EDC from El Tablazo, Venezuela to Cochin, India. However, on June 29, 2007 Pakri advised Mendocino that it would not permit the Vessel to load the cargo because EDC with a water content of more than 1% would damage the Vessel's tank coatings. Plaintiff pointed out to Pakri by e-mail on June 30, 2007 that it had previously provided with the cargo's precise specification for two weeks (since 15 June 2007) and had specifically approved it for carriage. It was also pointed out to Pakri that the water content in the cargo was in any event below 1%. Notwithstanding its earlier message that EDC with a water content of more than 1% would be unacceptable, on July 2, 2007 Pakri claimed that EDC with water content above 200 ppm would damage the Vessel's tank coatings and refused to permit the Vessel to load the EDC cargo.

8. Pakri's refusal to permit the Vessel to carry the cargo, which it had previously expressly approved, is a breach of the Charter. In an attempt to mitigate its losses, Mendocino sought alternative cargoes but no suitable cargoes were available. In order to perform it obligations under the voyage charter party with Pequiven, Mendocino was forced to charter a substitute vessel.

9. By reasons of the premises, Plaintiff has sustained damages in the amount of $1,210,373.00 as best as can presently be calculated.

10. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. Plaintiff has commenced arbitration in London against the Defendant and has served its Claim Submissions to the arbitrators and opposing counsel. In addition to its principal claim, Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $591,523.76.

11. Arbitration of these disputes in London may take 1-2 years. Plaintiff is entitled to and would receive interest at the present rate of 6.5 % compounded quarterly from August 2007 to the completion of the arbitration or about $166,594.52.

12. Plaintiff's total claim against Defendant for which it seeks security herein is $1,968,491.28. A true and accurate copy of Plaintiff's claim statement is annexed hereto as Exhibit 1.

13. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

14. Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Pakri Tankers OU, and that it be personally cited to appear and answer the matters set forth above.

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $1,968,491.28, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
October 16, 2007

                                            **LAW OFFICES OF RAHUL WANCHOO**
                                            Attorneys for Plaintiff
                                            MENDOCINO LTD.

                                            By: *Rahul Wanchoo*
                                                 Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)
                    ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

_____
Rahul Wanchoo

Sworn to and subscribed to
before me this 18th day of
October 16, 2007

_____
Notary Public

Michael C. Zeale
Notary Public State of New Jersey
My Commission Expires
August 8, 2010

## MENDOCINO

### ESTIMATE GOING FORWARD

| | | | |
|---|---|---|---|
| James Addison (Solicitor) | 350 hours @ | £225.00 | £ 78,750.00 |
| Irvine Marr (Partner) | 100 hours @ | £410.00 | £ 41,000.00 |
| Trainee | 100 hours @ | £150.00 | £ 15,000.00 |

**Attending Hearing (4 days)**

| | | | |
|---|---|---|---|
| James Addison (Solicitor) | 40 hours @ | £225.00 | £ 9,000.00 |
| Irvine Marr (Partner) | 20 hours @ | £410.00 | £ 8,200.00 |
| | | | **£ 151,950.00** |

**Disbursements**

| | |
|---|---|
| Fees of Counsel - advices, conferences, pleadings | £ 15,000.00 |
| Brief | £ 25,000.00 |
| References (3) | £ 7,500.00 |
| Expert fees | £ 15,000.00 |
| Room hire and Tribunal's fees | £ 45,000.00 |
| Postage, telephone conversations and fax messages | £ 4,000.00 |
| | **£ 111,500.00** |

| | |
|---|---|
| Total fees and disbursements in GBP | £ 289,795.00 |
| Total fees and disbursements in dollars | $591,523.76 |
| Total claim amount | $1,210,373.00 |
| Anticipated interest on claim amount compounded quarterly at 6.5% over 24 months | $166,594.52 |
| Security requested | $1,968,491.28 |